60 F.3d 825
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juannito H. EDWARDS, Defendant-Appellant.
 No. 94-5398.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1995.
Decided: July 7, 1995.
 
 Hugh E. Black III, Shames & Byrum, P.C., Chesapeake, VA, for Appellant. Helen F. Fahey, United States Attorney, Arenda L. Wright Allen, Assistant United States Attorney, Norfolk, VA, for Appellee.
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Juannito Edwards appeals from his conviction and sentence pursuant to a guilty plea for possession of a firearm by a convicted felon in violation of 18 U.S.C.A. Sec. 922(g)(i) (West Supp.1995). Edwards asserts that the district court abused its discretion in denying his motion to withdraw his guilty plea and in denying his motion to dismiss his court-appointed counsel. He also asserts that the court erred in applying the sentencing guidelines and that he received ineffective assistance of counsel. We affirm Edwards' conviction and sentence.
 
 
 2
 The district court accepted Edwards' guilty plea after an extensive Fed.R.Crim.P. 11 hearing and sentenced him to 120 months in prison.[1] Because Edwards moved to withdraw his guilty plea before sentencing, he had the burden of demonstrating to the district court that a fair and just reason supported his request for withdrawal of his guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991); Fed.R.Crim.P. 32(d). Factors relevant to establishing a fair and just reason include:
 
 
 3
 (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary;
 
 
 4
 (2) whether the defendant has credibly asserted his legal innocence;
 
 
 5
 (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether defendant has had close assistance of competent counsel;
 
 
 6
 (5) whether withdrawal will cause prejudice to the government; and
 
 
 7
 (6) whether it will inconvenience the court and waste judicial resources.
 
 
 8
 Moore, 931 F.2d at 248. We review the denial of a motion to withdraw a guilty plea for abuse of discretion. See United States v. Lambert, 994 F.2d 1088, 1093 (4th Cir.1993). The district court's factual findings in support of its decision to deny the motion will be overturned only if they are clearly erroneous. See United States v. Suter, 755 F.2d 523, 525 (7th Cir.), cert. denied, 471 U.S. 1103 (1985).
 
 
 9
 In denying Edwards' motion to withdraw his guilty plea, the district court discussed the six factors announced in Moore, 931 F.2d at 248. First, the court found that Edwards' guilty plea was knowing and voluntary because it conducted an extensive Rule 11 hearing, in which the court explained to Edwards the nature of the charges against him, the Government's burden to prove those charges, his right to a trial and all the rights attached to a not guilty plea, the terms of the plea agreement, and the effect of waiving his right to appeal. The court also found that Edwards agreed to the Government's factual statement and that he agreed in open court he was guilty.
 
 
 10
 Furthermore, the court found that defense counsel diligently evaluated the possibility of success on a motion to suppress, advised Edwards that if he filed a suppression motion he was going to trial on all of the charges in the indictment, and advised Edwards about the probable sentencing guidelines range. The district court's findings are supported by the transcripts of the Rule 11 hearing and the hearing on Edwards' motion to withdraw his guilty plea and are not clearly erroneous.
 
 
 11
 Second, the court found that Edwards did not credibly assert his legal innocence because he admitted he was guilty of the charge.
 
 
 12
 Edwards has never claimed that he is innocent. He merely alleges that he pled guilty because he mistakenly believed that it was too late to file a suppression motion. Third, the district court found, and the parties agree, that Edwards' motion to withdraw his guilty plea was filed in a timely manner.
 
 
 13
 Fourth, the court found that Edwards had close assistance of competent counsel. Defense counsel testified that he obtained discovery, mailed it to Edwards, and then discussed the option of a suppression motion with him. At the Rule 11 hearing, Edwards agreed that he read the plea agreement and reviewed it with his attorney. Edwards' statements made at the Rule 11 hearing are conclusive, absent a compelling reason why they should not be. Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir.1981).
 
 
 14
 Fifth, the court found that granting Edwards' motion to withdraw his guilty plea would inconvenience the Government if it had to call the witnesses back together and retry Edwards. See Moore, 931 F.2d at 248 (lack of prejudice to the government, by itself, is not dispositive). Finally, the court found that granting the motion would inconvenience the court because it had a very busy docket, and it would be a waste of judicial resources to set another trial date. Therefore, because the district court properly weighed the Moore factors, it did not abuse its discretion in denying Edwards' motion to withdraw his guilty plea.
 
 
 15
 Edwards also asserts that there was a breakdown in communication between himself and defense counsel prior to his Rule 11 hearing. He alleges that as a result of the breakdown, defense counsel did not give him complete and thorough information regarding the feasibility of a motion to suppress, and he pled guilty in a state of confusion.
 
 
 16
 In light of the validity of Edwards' guilty plea and Edwards' own sworn statements during the Rule 11 hearing, the district court's denial of Edwards' motion for a new attorney was not an abuse of discretion.[2] Next, Edwards asserts that the district court erred in applying the sentencing guidelines when it determined his sentence. However, Edwards knowingly and voluntarily waived his right to appeal his sentence in his plea agreement.
 
 
 17
 A defendant may waive his statutory right to appeal his sentence, provided the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir.1992); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir.1990). A defendant who executes a general waiver of appellate rights retains the right to seek appellate review of a sentence imposed in excess of the statutory maximum or based on a constitutionally impermissible factor such as race. Marin, 961 F.2d at 496. Edwards makes no such challenge here. Instead, Edwards confines his argument to the district court's application of the sentencing guidelines.
 
 
 18
 It is clear from the record that Edwards understood the full significance of the waiver of appeal provision contained in his plea agreement. Edwards' plea agreement stated that he knowingly waived the right to appeal any sentence within the maximum provided in the statute of conviction. The signed plea agreement also acknowledged that he reviewed every part of the agreement with his attorney and that he voluntarily agreed to it. Moreover, during the Rule 11 colloquy, the district court read Edwards the essential terms of the plea agreement, including the appeal waiver provision, to which Edwards agreed. The plea agreement and the transcript of the Rule 11 hearing establish that Edwards knowingly and voluntarily waived his right to appeal his sentence.
 
 
 19
 Finally, Edwards claims that his trial counsel was ineffective. This claim should be raised in a 28 U.S.C. Sec. 2255 (1988) motion in the dis trict court, not on direct appeal, since it does not appear conclusively from the record that defense counsel did not provide effective representation. DeFusco, 949 F.2d at 120-21. Therefore, we affirm Edwards' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The district court also sentenced Edwards to a term of three years supervised release
 
 
 [2]
 Moreover, to the extent Edwards claims that his attorney was ineffective, such a claim should be raised by motion under 28 U.S.C. Sec. 2255 (1988), in the district court, not on direct appeal, unless it "conclusively appears" from the record that defense counsel did not provide effective representation. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991); United States v. Fisher, 477 F.2d 300, 302 (4th Cir.1973); United States v. Mandello, 426 F.2d 1021, 1023 (4th Cir.1970). It does not appear conclusively from the record that Edwards' defense counsel failed to provide effective representation