**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

GEROLD LEE DAVIS, a/k/a Jerry G.

No. 94-5427

Davies, a/k/a Arnold Lietzey, a/k/a
Gerold L. Davis, a/k/a John Reid,
a/k/a Jerry Davies, a/k/a Gerald K.
Davis,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenwood.
G. Ross Anderson, Jr., District Judge.
(CR-93-429)

Submitted: January 9, 1996

Decided: June 24, 1996

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. J. Preston Strom, Jr., United States Attorney, Marvin J.
Caughman, Assistant United States Attorney, Columbia, South Caro-
lina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Gerold Lee Davis appeals from his conviction for conspiring to possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C.A. §§ 841, 846 (West 1981 & Supp. 1995). He pled guilty pursuant to a plea agreement. In exchange for the guilty plea, the Government agreed to a sentencing cap of fifteen years if Davis provided substantial assistance to the Government. At his sentencing hearing, Davis moved to withdraw his guilty plea and to compel performance of the plea agreement by the Government. The district court denied Davis's withdrawal motion because it found no proof that Davis did not fully understand the plea. The sentencing hearing was continued to a later date, when the district court considered Davis's renewed motion to withdraw his guilty plea. The district court again denied the withdrawal motion. Upon the Government's motion, the court sentenced Davis to 180 months imprisonment and five years of supervised release.

On appeal, Davis claims that the district court violated Fed. R. Crim. P. 11 by failing to inform him of the applicable mandatory minimum sentence and inquire whether his guilty plea was induced by force or threats. He further claims that the district court abused its discretion by denying his motion to withdraw his guilty plea. We affirm.

Davis's claims are premised on his allegation that the district court violated his substantial rights by failing to comply with Rule 11 during his plea hearing. Davis neither contends that he was not competent to enter a guilty plea, nor does the record reveal any incompetency. At the Rule 11 hearing the court described to Davis, in detail, the elements of the crimes charged against him. Davis attested that he understood the maximum sentence he could receive for his conviction. The court inquired about Davis's understanding of

2

the sentencing guidelines, the plea agreement, and his waiver of his rights and privileges accorded an accused by a jury trial. Davis denied that anyone promised him anything in order to induce him to plead guilty, other than that which was set forth in the plea agreement. Davis testified that he had ample opportunity to discuss the case with his attorney, he was satisfied with the services of his attorney, and his attorney had done everything Davis had asked him to do. Davis also agreed with the Government's summary of the facts and admitted his illegal actions as set forth in that summary. Before the court accepted Davis's guilty plea, it found that Davis was "voluntarily, intelligently and understandingly" pleading guilty. Davis cannot now disavow the statements he made at the plea hearing. See United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied , 503 U.S. 997 (1992); Via v. Superintendent, Powhatan Correctional Ctr. , 643 F.2d 167, 171 (4th Cir. 1981).

Davis first claims that the district court violated his rights by failing to inform him of the mandatory minimum sentence applicable to his sentence.[1] The adequacy of a guilty plea is generally reviewed de novo, United States v. Good, 25 F.3d 218, 219 (4th Cir. 1994), but Fed. R. Crim. P. 11 violations are evaluated under a harmless error standard. Fed. R. Crim. P. 11(h); DeFusco, 949 F.2d at 117.

The record reveals that Davis was actually aware of the mandatory minimum sentence when he pled guilty. Neither Davis's plea agreement nor his plea hearing mention a mandatory minimum sentence. However, Davis was served with an initial indictment and two superseding indictments. Each indictment accompanied a penalty sheet which showed the various applicable sentences for violations of 28 U.S.C.A. § 841, including the mandatory minimum sentence, depending on the drug amounts involved in the offense. Furthermore, his presentence report clearly stated that for his offense and the amount of drugs involved in the offense, the minimum term of imprisonment is ten years and the maximum term is life imprisonment pursuant to

_____

[1] Because Davis conspired to possess cocaine and cocaine base with the intent to distribute, he was subject to the same penalties as those proscribed for a violation of § 841. See§ 846. The applicable mandatory minimum sentences for violations of § 841, depending on the amount of drugs involved in the offense, are set out in § 841(b).

3

§ 841(b)(1)(A). From the beginning of the sentencing hearing, at the very latest, Davis was on notice that he was subject to a minimum sentence of ten years imprisonment. Yet, he made no objection or attempt to withdraw his guilty plea on the ground that he was not informed of the applicable mandatory minimum sentence.**2**

Davis was sentenced to 180 months imprisonment and five years of supervised release. Davis did not express any surprise at his fifteen year sentence, or otherwise indicate that he was under the mistaken belief he would receive a sentence of less than ten years. Hence, we find that Davis was aware of the applicable mandatory sentence when he pled guilty. United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995). It follows that Davis would not have gained any new information had the district court informed him of the mandatory minimum sentence during his plea hearing. Id.

We also find that knowledge of the mandatory minimum sentence of ten years imprisonment would not have affected Davis's decision to plead guilty. Id. The plea agreement notified Davis that he faced a maximum penalty of life imprisonment. As noted above, his guideline range subjected him to life imprisonment. We refuse to accept that he pled guilty because he mistakenly believed that he would receive less than ten years imprisonment. Therefore, the district court's Rule 11 violation was harmless error because the violation did not affect Davis's substantial rights. DeFusco , 949 F.2d at 117.

Next, Davis claims that the district court violated Fed. R. Crim. P. 11(d) by failing to inquire whether Davis was induced into pleading guilty by force or threats. Rule 11(d) requires the court to address the defendant personally to determine that the guilty plea is voluntary and is not the result of any promises apart from the plea agreement, and to inquire whether the plea is a result of discussions with the prosecutor. DeFusco, 949 F.2d at 119. A guilty plea must be voluntary, i.e., it must be a "voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970).

_____

**2** Although Davis twice moved to withdraw his guilty plea before sentencing, his motions were not based on a claim that he was not informed of the applicable mandatory minimum sentence.

The Government concedes that during the plea hearing the district court did not use the terms "threats" or "force" while evaluating Davis's voluntariness to plead guilty. Compliance with Rule 11, however, is evaluated under a harmless error standard. DeFusco, 949 F.2d at 117. Only a violation which affects a defendant's substantial rights necessitates vacation of a conviction pursuant to a plea. Id.

Nothing in the record suggests that Davis was improperly induced into pleading guilty. Moreover, Davis does not allege or offer any evidence showing that he was induced into pleading guilty by force or threats. Thus, the district court's failure to specifically inquire whether Davis was induced into pleading guilty by force or threats was harmless error because the violation did not affect Davis's substantial rights. Id.

Davis also claims that the district court abused its discretion by failing to find a fair and just reason for denying his motion to withdraw his guilty plea. Before his sentencing, Davis moved to withdraw his guilty plea because he claimed that he didn't know or understand that he was "giving up [his] right to habeas corpus" and "the affordability factor." When questioned further about the grounds for the motion, Davis explained that he received information from a legal service "about the affordability factor, the amount of drugs I would be charged with. You know, if people said I had a certain amount of drugs and I didn't have that amount of drugs, whatever they said."

A defendant does not have an absolute right to withdraw a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991). If a motion to withdraw a guilty plea is made before sentencing, however, a district court may grant the motion upon a showing of any fair and just reason. Fed. R. Crim. P. 32(d). This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). The district court's factual findings in support of its denial will not be overturned unless they are clearly erroneous. United States v. Suter, 755 F.2d 523, 525 (7th Cir.), cert. denied, 471 U.S. 1103 (1985).

Consideration of the relevant factors weigh against Davis. First, as discussed above, Davis has not shown that his guilty plea was entered

5

unknowingly or involuntarily. <u>Moore</u>, 931 F.2d at 248. Second, Davis has never alleged that he is innocent of the charge to which he pled guilty. <u>Id.</u> Third, Davis moved to withdraw his guilty plea approximately nine months after his guilty plea hearing. <u>Id.</u> Fourth, there is no evidence that Davis's counsel rendered ineffective assistance of counsel. <u>Id.</u> In denying Davis's withdrawal motion, the court noted that Davis discussed the case, including possible defenses, with his attorney and he understood the charges against him. The court found that Davis was satisfied with the services of his attorney and he understood the possible maximum penalty. The court further found that Davis had a competent attorney to advise him throughout the case. Davis has not shown that these findings are clearly erroneous. <u>Suter</u>, 755 F.2d at 525. Fifth, there would have been substantial prejudice to the Government had the court granted Davis's motion. <u>Moore</u>, 931 F.2d at 248. The Government had present approximately thirty-five witnesses--some from as far away as California--who were ready to testify at trial. Finally, granting Davis's motion would have inconvenienced the court and wasted judicial resources. <u>Id.</u> Before Davis entered his guilty plea, the court had drawn a jury and set aside approximately two weeks for Davis's trial.

Because any Rule 11 violation the district court may have committed at Davis's plea hearing was harmless error, the court did not abuse its discretion in denying Davis's subsequent motion to withdraw his guilty plea. <u>Puckett</u>, 61 F.3d at 1099.

Accordingly, we affirm Davis's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6