972 F.2d 344
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo SIMPSON, Defendant-Appellant.
 No. 91-5688.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 3, 1992
Decided: August 13, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville.
 Elizabeth Manton, FEDERAL PUBLIC DEFENDER'S OFFICE, for Appellant.
 Margaret Person Currin, United States Attorney, Eric Evenson, Assistant United States Attorney, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Alfredo Simpson appeals from his conviction on a guilty plea of possession of cocaine with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1991), and possession of a firearm during and in relation to a drug trafficking crime. 18 U.S.C.A.s 924(c)(1) (West Supp. 1991). Because the district court's decision denying Simpson's motion to withdraw his guilty plea was not an abuse of discretion, we affirm.
 
 
 2
 Simpson was arrested during a search of his home pursuant to a warrant, in the process of attempting to hide a quantity of crack cocaine and a firearm from police. As part of his plea agreement, he was to submit to debriefing by law enforcement agents involved in his case. When approached by officers a few minutes after entering his plea, he repudiated any responsibility for the offenses, and refused to talk to the officers. He also refused to communicate with his attorney and filed a Motion to Remove Counsel.
 
 
 3
 During hearings before the district court, Simpson expressed his desire to repudiate his plea agreement and take his case to trial. He asserted that as a naturalized Panamanian, his limited ability to understand English prevented his comprehending all the consequences of his plea. The court found that Simpson had an adequate understanding of English and a sufficient ability to communicate, to accept the validity of his guilty plea. In finding that Simpson's plea was "voluntary and knowing ..., deliberate and considered," the court examined Simpson's use of English during Fed. R. Crim. P. 11 and other proceedings, the findings of a North Carolina court, and Simpson's service in the U.S. Army for seven years during which he achieved the rank of sergeant. The district court granted Simpson's Motion to Remove Counsel, but denied Simpson's motion to withdraw his plea, and sentenced him to nineteen years imprisonment.
 
 
 4
 Rule 32(d) of the Federal Rules of Criminal Procedure provides, "[i]f a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." In evaluating whether a defendant has met his burden under Rule 32(d), the courts typically consider: (1) whether there is credible evidence that the plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will prejudice the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. See United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 60 U.S.L.W. 3261 (U.S. 1991). The action of a district judge on a motion to withdraw a plea "is reviewed upon appeal under an abuse of discretion standard." United States v. Pitino, 887 F.2d 42, 46 (4th Cir. 1989). The district court's factual findings in support of its decision to deny the motion will be overturned only if clearly erroneous. See United States v. Suter, 755 F.2d 523, 525 (7th Cir.), cert. denied, 471 U.S. 1103 (1985).
 
 
 5
 Certain factors appear to work in Simpson's favor: he did not delay in attempting to withdraw his plea although his formal motion was filed several months after acceptance of his plea. Also, the court did not base its decision on any showing of prejudice to the government. Nevertheless, some waste of judicial resources would occur from a withdrawal of Simpson's plea because a jury had been selected prior to his decision to enter his pleas. Moreover, the central reason advanced by Simpson to excuse his guilty plea is his lack of English proficiency. Given the substantial evidence indicating that Simpson had a reasonable command of the English language, the district court's finding that Simpson's plea was voluntary and knowing was not clearly erroneous.* Similarly, the district court found that Simpson's counsel effectively represented him during the entry of his pleas and Simpson has not shown otherwise on appeal. We reject Simpson's assertion that the district court improperly required proof of an "external force" acting on Simpson to allow withdrawal of his plea. After considering all of these factors, we find that the district court did not abuse its discretion in denying Simpson's Motion to Withdraw his guilty pleas.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Simpson did not contest his legal culpability in the hearings before the district court that have been included in the record on appeal. His pretrial motions also do not appear in the record. Simpson has not provided this court with the materials necessary to evaluate his chances of successfully asserting legal innocence. Claims of legal innocence were therefore not considered by this Court as a factor favoring the withdrawal of Simpson's plea