983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Norville HUFF, Defendant-Appellant.
 No. 92-5505.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 18, 1992
Decided: January 21, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert J. Staker, District Judge. (CR-92-6-3)
 Donald R. Jarrell, Wayne, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, S. Benjamin Bryant, Assistant United States Attorney, Huntington, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before HALL and PHILLIPS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Robert Norville Huff appeals from his convictions of two counts of deprivation of another's constitutional rights in violation of 18 U.S.C. § 242 (1988). Because we find that the district court did not abuse its discretion in denying Huff's motion to withdraw his guilty pleas and that the court properly applied the sentencing guidelines, we affirm Huff's convictions and sentences.
 
 
 2
 Huff entered into a plea agreement in which he pled guilty to the two federal charges under § 242. The charges were grounded in two incidents in which Huff, a state probation officer, coerced a female probationer under his supervision into having sex with him in exchange for his recommendation that she remain on probation despite a positive urinalysis and a DUI charge. The agreement informed Huff of the maximum penalties of his crimes: two years' imprisonment, $200,000 in fines, supervised release, criminal assessments, and possible restitution. The agreement also iterated that Huff's sentence was "within the sole discretion of the Court," and that the written agreement constituted the entire agreement between the parties. Huff twice confirmed in court that the written plea agreement was accurate, and he twice affirmed that he understood the penalties of his crimes.
 
 
 3
 Huff later filed a motion to withdraw his guilty pleas, however, on the grounds that he was misinformed by his attorney and the prosecutor concerning his sentencing guidelines range. The court found that Huff was fully informed, that he had not established a fair and just reason for withdrawal of the pleas, and denied his motion to withdraw his guilty pleas. The court sentenced Huff to 20 months in prison.[1]
 
 
 4
 Rule 32(d) of the Federal Rules of Criminal Procedure provides that a court may permit withdrawal of a guilty plea if the motion is made before sentencing and if the defendant establishes any "fair and just reason" for withdrawal of the plea. The action of a district judge on a motion to withdraw a plea "is reviewed upon appeal under an abuse of discretion standard." United States v. Pitino, 887 F.2d 42, 46 (4th Cir. 1989). The district court's factual findings in support of its decision to deny the motion will be overturned only if clearly erroneous. See United States v. Suter, 755 F.2d 523, 525 (7th Cir.), cert. denied, 471 U.S. 1103 (1985). Attorney misadvice regarding the applicable sentencing range can only be a basis to withdraw a plea if it is not corrected by the court at the Rule 11 hearing. United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc).
 
 
 5
 The transcript of the court's thorough Rule 11 hearing discloses that Huff's plea was knowingly and voluntarily entered with the assistance of competent counsel. Huff did not assert his innocence at the hearing, but responded to the court that he was in fact guilty of the offenses. Therefore, the court's factual finding at the hearing on Huff's motion to withdraw his guilty pleas that Huff understood the maximum penalties he faced no matter what his attorney told him was not clearly erroneous. Given these facts, the district court did not abuse its discretion in denying Huff's motion to withdraw his guilty pleas even if prejudice to the government was lacking.
 
 
 6
 Huff next asserts that the court improperly calculated his sentence under the Sentencing Guidelines. Section 2H1.4 of the sentencing guidelines[2] applies to interference with civil rights under the color of law, 21 U.S.C. § 242. Under that section, the base offense level for Huff's crime is 6 "plus the offense level applicable to any underlying offense."[3] The parties do not dispute that the offense underlying Huff's crimes was sexual abuse, which the guidelines address in sections 2A3.1 through 2A3.4. The district court found that the underlying offense was covered by section 2A3.4(a)(2), which concerns "abusive sexual contact" that is accomplished by:
 
 
 7
 threatening or placing the victim in fear (other than by threatening or placing the victim in fear that any person will be subjected to death, serious bodily injury, or kidnapping); or by victimizing an individual who is incapable of appraising the nature of the conduct or physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act.
 
 
 8
 U.S.S.G. § 2A3.4, comment. (n.2).
 
 
 9
 Huff asserts that the court should have instead found that the underlying offense was covered by section 2A3.3, criminal sexual abuse of a ward. A ward "is a person in official detention under the custodial, supervisory, or disciplinary authority of the defendant." U.S.S.G. § 2A3.3, comment. (n.1). The district court found that Huff's victim was not in "official detention" since she was on probation and thus section 2A3.3 was not applicable.
 
 
 10
 This Court must give due deference to the sentencing court's application of the guidelines to the facts. 18 U.S.C.A.s 3742(e) (West 1985 & Supp. 1992). The amount of deference due depends on whether the issue raised is factual or legal. When the issue is more a legal issue, such as interpretation of a guideline term or which of several offense conduct guidelines applies to the facts, the standard of review approaches de novo review. United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989). Since Huff's sentencing claim centers on which guideline applies in determining his offense level, the standard of review in this Court is de novo.
 
 
 11
 The definition of "official detention" under 18 U.S.C. § 2243(b) (1988) (sexual abuse of a ward) excludes people who are on probation. See 18 U.S.C. § 2245(5) (1988). Thus, Huff's victim, a state probationer, could not have been in "official detention," and the district court properly rejected Huff's argument. Therefore, we affirm his sentences.[4] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Huff's 20-month sentence is below the applicable sentencing range and below the statutory maximum of 24 months. Nonetheless, the government did not contest this downward departure at sentencing or on appeal
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual, § 2H1.4 (Nov. 1990)
 
 
 [3]
 Huff's offense level is 6 plus the offense level applicable to the underlying offense because it is greater than an offense level of 10. U.S.S.G. § 2H1.4(a)
 
 
 [4]
 Though we are of the opinion that the guideline for section 2A3 .1, concerning criminal sexual abuse, may have been the more appropriate choice in this case, the government did not press this argument at trial or on appeal. Moreover, since the sentencing range for section 2A3.1, like the sentencing range for section 2A3.4, exceeded the statutory maximum, application of that guideline would not have altered the result in this case