37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lindsay GUION, Defendant-Appellant.
 No. 93-5804.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1994.
Decided Oct. 20, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-92-460-A)
 Sara E. Kopecki, BHT Legal, Alexandria, VA, for Appellant.
 Helen F. Fahey, U.S. Atty., John T. Martin, Asst. U.S. Atty., Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WILKINSON and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals the district court's denial of his motion to withdraw his guilty plea on the grounds that the validity of his plea was undermined by communication problems he had with his court-appointed counsel, and by the fact that he had been undergoing medical treatment for stress and depression prior to entering into the guilty plea. We affirm the district court's denial of the motion to withdraw the plea.
 
 
 2
 A guilty plea is invalid if the defendant does not comprehend his constitutional protections and the charges lodged against him. Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976). Moreover, due process requires that a defendant be legally competent to plead guilty. Roach v. Martin, 757 F.2d 1463, 1480 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Shaw v. Martin, 733 F.2d 304, 314 (4th Cir.), cert. denied, 469 U.S. 873 (1984). The plea is invalid if a defendant's mental capacities are so impaired as to interfere with his ability to appreciate the charges against him, understand his constitutional rights, and realize the consequences of his plea. United States v. Truglio, 493 F.2d 574, 578 (4th Cir.1974). This Court reviews a district court's decision on a motion to withdraw a guilty plea for abuse of discretion. United States v. Lambert, 994 F.2d 1088, 1093 (4th Cir.1993). The district court's factual findings in support of its decision to deny the motion will be overturned only if they are clearly erroneous. United States v. Suter, 755 F.2d 523, 525 (7th Cir.), cert. denied, 471 U.S. 1103 (1985).
 
 
 3
 Our review of the record discloses that the district court's factual finding that Appellant's guilty plea was knowingly and voluntarily entered is not clearly erroneous. The district court's finding on this issue is fully supported by Appellant's responses during the Fed.R.Crim.P. 11 colloquy. See generally United States v. DeFusco, 949 F.2d 114, 116-17 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). In light of the district court's proper determination that Appellant's guilty plea was valid, we cannot say that its failure to take additional evidence, or order a psychological examination of Appellant prior to making its decision, was an abuse of discretion.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED