**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

EMMANUEL UZUEGBUNAM, a/k/a
Manny,
Defendant-Appellant.

No. 97-4198

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-96-43)

Submitted: July 10, 1997

Decided: August 4, 1997

Before RUSSELL, HALL, and MURNAGHAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Emmanuel Uzuegbunam, Appellant Pro Se. Andrew Gerald McBride,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Emmanuel Uzuegbunam appeals pro se his conviction on a guilty plea on a charge of distribution of cocaine base, in violation of 21 U.S.C. § 841(a), 18 U.S.C. § 2 (1994). For the reasons stated below, we affirm Uzuegbunam's conviction and sentence.

Uzuegbunam was indicted on charges of distribution and aiding and abetting the distribution of "crack" cocaine on or about April 8, 1996, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A) (1994); 18 U.S.C. § 2 (1994) (count one), and receipt and possession in and affecting interstate commerce, ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and (2) (1994) (count two). On June 14, 1996, he pled guilty to count one of the indictment and waived his right to appeal his sentence pursuant to a written plea agreement. Count two of the indictment was dismissed pursuant to the terms of the plea agreement. At the Fed. R. Crim. P. 11 hearing, the district court accepted Uzuegbunam's plea.

Uzuegbunam thereafter filed a motion pursuant to 18 U.S.C. § 4241 (1994), for psychological evaluation, claiming that he was incompetent to assist counsel in preparation for sentencing and the court ordered a mental health evaluation. Based on the findings of the psychological evaluation, the court determined Uzuegbunam to be mentally competent to be sentenced. At his sentencing hearing on March 7, 1997, Uzuegbunam made an oral motion to withdraw his guilty plea, which the court denied.

Uzuegbunam asserts on appeal that his guilty plea was not entered into knowingly, freely and voluntarily. Uzuegbunam alleges his plea was involuntary because his attorney induced the plea by threatening him. He continues that his attorney told him that if he did not plead guilty, the judge would give him a harsher sentence and would not give him a fair trial. He further claimed that he was frustrated and confused during the Fed. R. Crim. P. 11 hearing.

A guilty plea is invalid if the defendant does not comprehend his constitutional protections and the charges lodged against him.

Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976). A defendant must receive adequate notice of the critical elements of his case. Id. Moreover, due process requires that a defendant be legally competent to plead guilty. Roach v. Martin, 757 F.2d 1463, 1480 (4th Cir. 1985). The plea is invalid if a defendant's mental capacities are so impaired as to interfere with his ability to appreciate the charges against him, understand his constitutional rights, and realize the consequences of his plea. United States v. Truglio, 493 F.2d 574, 578 (4th Cir. 1974). This Court reviews a district court's decision on a motion to withdraw a guilty plea for abuse of discretion. United States v. Lambert, 994 F.2d 1088, 1093 (4th Cir. 1993). The district court's factual findings in support of its decision to deny the motion will be overturned only if they are clearly erroneous. United States v. Suter, 755 F.2d 523, 525 (7th Cir. 1985).

Our review of the record discloses that the district court's factual finding that Uzuegbunam's guilty plea was knowingly and voluntarily entered is not clearly erroneous. The district court's finding on this issue is fully supported by Uzuegbunam's responses during the Rule 11 colloquy. See generally United States v. DeFusco, 949 F.2d 114, 116-17 (4th Cir. 1991). The district court complied fully with all of the requirements of Fed. R. Crim. P. 11, fully informing Uzuegbunam of his rights and the consequences of his guilty plea; further, Uzuegbunam was competent to enter the plea. Uzuegbunam has shown no clear and convincing evidence to support reconsideration of his plea. See Little v. Allsbrook, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984).

Uzuegbunam also claims that his attorneys were ineffective. A claim of ineffective assistance of counsel should be raised by motion under 28 U.S.C. § 2255 (1988), in the district court, and not on direct appeal, unless it "conclusively appears" from the record that counsel did not provide effective representation. DeFusco, 949 F.2d at 120-21. We find that it does not conclusively appear from the face of the record that Uzuegbunam's defense counsel failed to provide effective representation. Therefore, Uzuegbunam should assert these claims in a § 2255 proceeding.

Finally, our finding that Uzuegbunam's guilty plea was knowingly and voluntarily made forecloses his remaining claims.* Accordingly,

_____

*Specifically, Uzuegbunam claims that his conviction should be over-turned based upon: (1) the prosecution's alleged failure to disclose a tape

3

we affirm Uzuegbunam's conviction and sentence. We deny Appellant's motion for bail pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

of the narcotics transaction; (2) alleged alteration of and tampering with his indictment, plea agreement, and court transcript; (3) alleged evidence provided to and empaneling of the grand jury; (4) selective prosecution; and (5) various instances of judicial bias and misconduct.

4