# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

GREGORY ROLAND PRUESS,
　　　　　*Defendant-Appellant.*

No. 99-4950

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-97-300)

Submitted: January 11, 2001

Decided: January 19, 2001

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, P.C., Decatur, Georgia, for Appellant. Mark T. Calloway, United States Attorney, Brian Lee Whisler, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Gregory Roland Pruess appeals from his conviction on a guilty plea and sentence on multiple counts of engaging in the business of importing, manufacturing, and dealing in explosive material and firearms without a license (Counts 1 through 4 and 11 through 14), in violation of 18 U.S.C.A. §§ 842(a), 922(a) (West Supp. 2000), and other related counts which he does not challenge on appeal. Pruess claims the district court abused its discretion in denying his request to withdraw his guilty plea as to the above-referenced counts, and that the district court erred in failing to address the applicability of United States Sentencing Guidelines Manual, § 2K2.1(b)(2) (1998). We affirm Pruess's conviction and sentence.

Pruess seeks to set aside his guilty plea because the element "engaged in the business" allegedly was not properly charged and because he was only a collector/hobbyist of weaponry and his sales of firearms, explosives, and ammunition to undercover operatives were not criminally motivated. A guilty plea is invalid if the defendant does not comprehend his constitutional protections and the charges lodged against him. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). A defendant must receive adequate notice of the critical elements of his case, and due process requires that a defendant be legally competent to plead guilty. *Id.*; *Roach v. Martin*, 757 F.2d 1463, 1480 (4th Cir. 1985). This Court reviews a district court's decision on a motion to withdraw a guilty plea for abuse of discretion, *United States v. Lambert*, 994 F.2d 1088, 1093 (4th Cir. 1993), and the district court's factual findings in support of its decision to deny the motion will be overturned only if clearly erroneous. *United States v. Suter*, 755 F.2d 523, 525 (7th Cir. 1985).

Our review discloses that the district court's factual finding that Pruess's guilty plea to the charges at issue was knowingly and voluntarily entered is not clearly erroneous, and that it is supported fully by Pruess's responses during his Fed. R. Crim. P. 11 colloquy and by the evidence presented before the court that established his illegal weapons trafficking. *See generally United States v. DeFusco*, 949 F.2d 114, 116-17 (4th Cir. 1991).

Pruess further seeks vacation of his sentence and remand to address the applicability of USSG § 2K2.1(b)(2), again claiming that he possessed the weaponry solely for lawful collection purposes. Even if Pruess properly raised this issue for consideration before the district court, we find that the findings of the district court satisfy Fed. R. Crim. P. 32(c). *United States v. Walker*, 29 F.3d 908, 911 (4th Cir. 1994). Further, this provision of the guidelines does not apply to Pruess, given his possession of machine guns and his prior felony conviction, which disqualify him from the adjustment he seeks. *See* USSG § 2K2.1(a)(4)(B); § 2K2.1, *Application Note* 6.

We deny Pruess's motion to file a *pro se* supplemental brief because he is represented by counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*