**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                                    No. 00-4825

EDWARD BARNER WILLIAMS,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-99-323-AW)

Submitted: March 22, 2001

Decided: March 29, 2001

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Joseph R. Conte, BOND, CONTE & NORMAN, P.C., Washington,
D.C., for Appellant. Stephen M. Schenning, United States Attorney,
Rod J. Rosenstein, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Edward Barner Williams appeals from the district court's order denying his motion to withdraw his guilty plea. Finding no abuse of discretion, we affirm the district court's denial of the motion and affirm Williams' conviction.

Relying on Williams' statements during the plea hearing held pursuant to Fed. R. Crim. P. 11, the district court determined that Williams failed to offer credible evidence that his plea was not knowing and voluntary. *See United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (stating that properly conducted Rule 11 proceeding "raise[s] a strong presumption that the plea is final and binding."). The court also found that Williams failed to credibly assert a claim of legal innocence. Although Williams asserted that he pled guilty to the drug charge to protect the mother of his children, the district court found this claim incredible in the face of Williams' detailed confession and his agreement, during the Rule 11 hearing, with the government's statement of facts.

The district court also found that, at the time of the entry of his plea, Williams had the close assistance of competent counsel. The court based this finding on Williams' sworn statements during the Rule 11 hearing as to his satisfaction with counsel. This finding is not clearly erroneous. *See United States v. Suter*, 755 F.2d 523, 525 (7th Cir. 1985) (reviewing factual findings in support of denial of motion to withdraw plea for clear error); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

Further, the district court found that there was no real delay between entry of the plea and the motion to withdraw the plea, but found that the government would be prejudiced in having to find witnesses that were previously released and that allowing withdrawal of the plea would amount to a waste of judicial resources because the court conducted a thorough and proper Rule 11 hearing and accepted Williams' plea.

Because the district court properly weighed the factors set forth in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), and determined that Williams failed to show a fair and just reason, we find no abuse of discretion in the denial of Williams' motion to withdraw his guilty plea. *See Lambey*, 974 F.2d at 1393 (providing standard of review). Therefore, we affirm Williams' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*