UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

LEWIS CLAYTON GREEN,
          *Defendant-Appellant.*

No. 01-4159

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Cameron McGowan Currie, District Judge.
(CR-00-510)

Submitted: August 23, 2001

Decided: September 6, 2001

Before WILKINS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

W. Rhett Eleazer, Chapin, South Carolina, for Appellant. Scott N. Schools, United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lewis Clayton Green appeals his conviction on a guilty plea on a charge of possession with the intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). Specifically, he challenges the district court's denial of his motion to withdraw his guilty plea.

When a defendant moves to withdraw his guilty plea before sentence is imposed, as Green here did, the court may permit the plea to be withdrawn if the defendant shows a "fair and just reason." Fed. R. Crim. P. 32(e). We review the district court's denial of such a motion for abuse of discretion. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). The district court's factual findings in support of its decision to deny the motion to withdraw will be overturned only if clearly erroneous. *United States v. Suter*, 755 F.2d 523, 525 (7th Cir. 1985).

Green claims error in the district court's analysis of the factors in *Moore*, 931 F.2d at 248, in determining whether Green met his burden of establishing a "fair and just reason" for withdrawal of his plea. Here, the district court deliberately and thoroughly considered each of the factors in *Moore*. In its adverse determination, the district court found not credible Green's assertions and testimony relative to his alleged denial of access to discovery by defense counsel, and his claim of legal innocence, two of the six factors to be considered pursuant to *Moore*. Because assessing the credibility of witnesses is not subject to appellate review, *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989), we will not disturb the district court's findings relative to these factors.

Nor do we find abuse of discretion in the district court's conclusions that there was a delay between the entering of Green's plea and the filing of Green's motion, that Green had the benefit of close assistance of competent counsel, and that permitting Green to withdraw his guilty plea, given the circumstances of the case and Green's numerous admissions of guilt, would inconvenience the court and waste judicial resources. *Moore*, 931 F.2d at 248. Accordingly, we

affirm Green's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*