**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

GRALING EDWARD ARNOLD, a/k/a
Graling Shykia Asante,
          *Defendant-Appellant.*

No. 01-4044

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-00-8)

Submitted: October 4, 2001

Decided: October 16, 2001

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

C. David Whaley, MORCHOWER, LUXTON & WHALEY, Richmond, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, Brian R. Hood, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Graling Arnold appeals his conviction on a guilty plea on charges
of use of fire during the commission of a federal felony, in violation
of 18 U.S.C.A. § 844(h) (West 2000), and interstate stalking, in viola-
tion of 18 U.S.C.A. § 2261(A) (West Supp. 2001). Specifically, he
challenges the district court's denial of his motion to withdraw his
guilty plea.

When a defendant moves to withdraw his guilty plea before sen-
tence is imposed, as Arnold here did, the court may permit the plea
to be withdrawn if the defendant shows a "fair and just reason." Fed.
R. Crim. P. 32(e). We review the district court's denial of such a
motion for abuse of discretion. *United States v. Moore*, 931 F.2d 245,
248 (4th Cir. 1991). The district court's factual findings in support of
its decision to deny the motion to withdraw will be overturned only
if clearly erroneous. *United States v. Suter*, 755 F.2d 523, 525 (7th
Cir. 1985).

Arnold claims error in the district court's analysis of the factors in
*Moore*, 931 F.2d at 248, in determining whether Arnold established
a "fair and just reason" for withdrawing his plea. Here, the district
court deliberately and thoroughly considered each of the factors in
*Moore*. In its adverse determination, the district court found that
Arnold's plea was knowing and voluntary, based upon Arnold's
appropriately and thoroughly conducted Fed. R. Crim. P. 11 plea col-
loquy and the detailed statement of facts incorporated into the plea
agreement, together with defense counsel's testimony. He further
determined that Arnold's assertion of legal innocence was not credi-
ble, based upon the totality of the circumstances, including the nature
of Arnold's previous profuse and threatening communications with
Veronica Smith and the Waltons, which supported the reasonable
conclusion that they were placed in fear of death or serious bodily

harm by his actions. The district court also found that Arnold had the close assistance of competent counsel, and that withdrawal of his plea would cause some prejudice to the government. *Moore*, 931 F.2d at 248.

While there is evidence supporting Arnold's motion to withdraw his plea, we cannot say on this record that in its thorough and well-reasoned consideration of all the evidence and of Arnold's claims in support of his motion, that the district court abused its discretion in denying the motion to withdraw. Accordingly, we affirm Arnold's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*