UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4278

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CARL EDWARD DODSON,

            Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:08-cr-00053-IMK-JSK-2)

Submitted:  February 24, 2011            Decided:  March 18, 2011

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Elgine H. McArdle, MCARDLE LAW OFFICE, Wheeling, West Virginia, for Appellant.  Betsy C. Jividen, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Carl Edward Dodson pled guilty to possession or distribution of pseudoephedrine knowing or having reasonable cause to believe that it would be used to manufacture methamphetamine. The district court sentenced Dodson to 78 months' imprisonment, the bottom of the advisory guidelines range. Dodson argues on appeal that the district court erred by denying his motion to withdraw his guilty plea. Finding no abuse of discretion, we affirm.

At the beginning of his sentencing hearing, Dodson moved to withdraw his guilty plea, asserting that he is innocent of the offense and that his attorney did not provide effective representation but instead urged him to enter the guilty plea. Following an extensive hearing, the district court denied the motion. We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). "[A] defendant does not have an absolute right to withdraw a guilty plea, even before sentencing." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Instead, he must show that a "fair and just reason" supports his request to withdraw his plea. Id. "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the [Fed. R. Crim. P.] 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th

2

Cir. 1992) (en banc).  In this case, the district court fully complied with the requirements of Rule 11 in accepting Dodson's guilty plea.   Accordingly, Dodson must overcome a strong presumption that his guilty plea is final and binding.  Id.

In determining whether Dodson has carried his burden, we consider whether: (1) he presented credible evidence that his guilty plea was not knowing and voluntary, (2) he credibly asserted his legal innocence, (3) there has been a undue delay between the guilty plea and the motion to withdraw the plea, (4) counsel provided close and competent assistance, (5) the government will be prejudiced and the court inconvenienced by the withdrawal of the plea.  Moore, 931 F.2d at 248.  This court has stated that the voluntariness of the plea, evidence of actual innocence, and the adequacy of counsel's representation are the most significant factors, as they "speak most straightforwardly to the question whether the movant has a fair and just reason to upset settled systemic expectations" by withdrawing his guilty plea.  United States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995).

Dodson claimed that his guilty plea was not knowing and voluntary because he pled guilty based on his attorney's recommendations and the attorney's inadequate analysis of the case.  He asserted that he was convinced to plead guilty even though he had always wanted to proceed to trial because he was

innocent. During the plea hearing, Dodson testified under oath that he understood the elements of the offense to which he was pleading guilty, that the Government's summary of the facts establishing his guilt were accurate, and that he, in fact, committed the offense. Dodson stated that he was entering the plea voluntarily, and that he had received the close assistance of his attorney in preparing the case and in deciding to plead guilty. These statements, made under oath, are presumed to be true. Blackledge v. Allison, 431 U.S. 63, 74 (1977); see Beck v. Angelone, 261 F.3d 377, 395-96 (4th Cir. 2001) (absent "clear and convincing evidence to the contrary," defendant is bound by statements made under oath at Rule 11 hearing). We agree with the district court's conclusion that Dodson failed to make a credible showing that his guilty plea was not knowing and voluntary or that he is actually innocent.

Dodson presented evidence that his attorney had not yet interviewed Dodson's suggested witnesses and had not conducted a thorough analysis of the case. However, based on Dodson's representations at the plea hearing and the breadth of his knowledge of his case and the application of the sentencing guidelines, the district court did not clearly err in finding that he had the close assistance of competent counsel. See United States v. Suter, 755 F.2d 523, 525 (7th Cir. 1985). The court added that counsel's "forceful recommendation" that Dodson

plead guilty was a reasonable exercise of counsel's judgment following the entry of a guilty plea by and the debriefing of Dodson's co-defendant.

Thus, the three most important <u>Moore</u> factors weigh against Dodson's motion to withdraw his guilty plea. <u>See</u> <u>Sparks</u>, 67 F.3d at 1154 (noting that the remaining <u>Moore</u> factors "are better understood as countervailing considerations that establish how heavily the [Rule 11] presumption [of finality of the guilty plea] should weigh in any given case."). Additionally, based on the district court's observations of Dodson's demeanor and lack of hesitation during the plea hearing, and his demeanor during the hearing to withdraw the plea, the court reaffirmed its conclusion that Dodson's decision to plead guilty was knowingly and voluntarily made. Our review of the record discloses no abuse of discretion by the district court in denying Dodson's motion to withdraw his plea.

Accordingly, we affirm the district court's order denying Dodson's motion to withdraw his guilty plea. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>