**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4097**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NATHANIEL LEE JONES,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:14-cr-00475-TDC-1)

Submitted: December 29, 2017             Decided: January 24, 2018

Before MOTZ, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William L. Welch, III, Baltimore, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Baltimore, Maryland, Lindsay Eyler Kaplan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Lee Jones pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and was sentenced to 168 months' imprisonment. Jones appeals his convictions, arguing that the district court abused its discretion in denying his motion to withdraw his guilty plea. We affirm.

This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). "A district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." *Id.* (internal quotation marks omitted).

A criminal defendant "has no absolute right to withdraw a guilty plea." *Id.* at 383-84 (internal quotation marks omitted). The defendant, rather, has the burden of showing a fair and just reason for withdrawal. *See United States v. Vonn*, 535 U.S. 55, 72 (2002). "[A] fair and just reason . . . is one that essentially challenges . . . the fairness of the [Fed. R. Crim. P.] 11 proceeding." *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995) (internal quotation marks omitted). In determining whether a defendant has met his burden, courts consider multiple factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel;

2

(5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

*Nicholson*, 676 F.3d at 384 (citing *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)).

"The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." *Id.* (internal quotation marks omitted). Thus, where the district court substantially complied with the requirements of Rule 11 in accepting a guilty plea, the defendant must overcome "a strong presumption that [his guilty] plea is final and binding." *Id.* (internal quotation marks omitted); *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc) (same).

We have reviewed the record on appeal and the parties' briefs and conclude that the district court did not abuse its discretion in denying Jones' motion to withdraw his guilty plea. Addressing the *Moore* factors, the district court concluded that the Rule 11 plea colloquy established that Jones acted knowingly and voluntarily in pleading guilty. On appeal, Jones summarily contends his guilty plea was not knowingly and voluntarily made because none of his attorneys showed the Government's discovery to him until after he pled guilty and because he relied on the pre-plea promise of one of his attorneys to negotiate for a sentence below the statutory minimum applicable to the conspiracy count. Jones, however, has not challenged as clearly erroneous the district court's finding undergirding its conclusion that two of his attorneys reviewed the Government's discovery with him prior to his plea, *see United States v. Suter*, 755 F.2d 523, 525

3

(7th Cir. 1985) (reviewing factual findings in support of denial of motion to withdraw plea for clear error), and further fails to specify how not being shown the Government's discovery in any way prevented him from entering a guilty plea that was not knowing and voluntary. Further, at the Rule 11 hearing, Jones confirmed under oath that he understood the penalties he faced as a consequence of conviction, that he had not been induced by threats or promises outside of those contained in the plea agreement to plead guilty, and that he understood he could not withdraw his guilty plea if the sentence imposed turned out to be different than estimated or expected by him. These statements by Jones are presumed to be true, *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see Beck v. Angelone*, 261 F.3d 377, 395–96 (4th Cir. 2001) (absent "clear and convincing evidence to the contrary," defendant is bound by statements made under oath at Rule 11 hearing). We therefore agree with the district court's conclusion that Jones failed to make a credible showing that his guilty plea was not knowingly or voluntarily made.

The district court also determined that Jones had made no credible claim he was actually innocent, and Jones concedes on appeal that he has not asserted his legal innocence. With respect to delay, the district court noted that the motion to withdraw had been filed ten months after Jones entered his guilty plea but weighed this factor only slightly against Jones given that approximately three months of the ten-month period resulted from disagreements between Jones and counsel about whether to file the motion. A seven-month delay between the entry of a guilty plea and the filing of a motion to withdraw militates against allowing withdrawal of the plea, *see Moore*, 931 F.2d at 248

4

(holding six-week delay militated against withdrawal of guilty plea), and Jones does not explain on appeal how the district court erred in its assessment of this factor. With respect to the assistance of counsel, the district court found that Jones had the close assistance of competent counsel prior to pleading guilty. On appeal, Jones only summarily asserts that the assistance rendered by his attorneys was ineffective, but his unexplained summary assertion fails to establish any error in the district court's finding.

Finally, the district court determined that allowing Jones to withdraw his guilty plea would have prejudiced the Government and resulted in a waste of court resources due to the passage of time. Although the court weighed the prejudice to the Government against Jones, it declined to weigh the inconvenience and waste factor against Jones given a criminal defendant's constitutional right to a jury trial. On appeal, Jones only summarily asserts that the Government would not be prejudiced by withdrawal of his plea and that asserts without explanation that the district court was not inconvenienced and its resources not wasted. Such summary assertions, however, fail to establish any error in the district court's assessment of these factors.

Jones' arguments on appeal do not establish any error in the district court's weighing of the *Moore* factors or abuse of discretion in its denial of his motion to withdraw the guilty plea. Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*