**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4498**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MITCHELL FELIX BROOKS, a/k/a Duamupes Pedi-El, a/k/a Speedy,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Theodore D. Chaung, District Judge.  (8:16-cr-00585-TDC-2)

Submitted: March 14, 2019                        Decided:  March 18, 2019

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Jenifer Wicks, THE LAW OFFICES OF JENIFER WICKS, Takoma Park, Maryland, for
Appellant.  Robert K. Hur, United States Attorney, Baltimore, Maryland, Joseph R.
Baldwin, Assistant United States Attorney, Lauren M. Elfner, Special Assistant United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mitchell Felix Brooks pled guilty to a drug conspiracy and was sentenced to 129 months' imprisonment. On appeal, Brooks argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. We affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). Brooks has the burden of showing a fair and just reason for withdrawal. *See United States v. Vonn*, 535 U.S. 55, 72 (2002). In determining whether a defendant has met his burden, courts consider multiple factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

*Nicholson*, 676 F.3d at 384 (citing *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the [Fed. R. Crim. P. 11] colloquy at which the guilty plea was accepted." *Id.* (internal quotation marks omitted). Thus, where the district court substantially complied with the requirements of Rule 11 in accepting a guilty plea, the defendant must overcome "a strong presumption that [his guilty] plea is final and binding." *Id.* (internal quotation marks omitted.

We have reviewed the record on appeal and the parties' briefs and conclude that the district court did not abuse its discretion in denying Brooks' motion to withdraw his

2

guilty plea. On appeal, Brooks summarily contends that his guilty plea was not knowing and voluntary because his attorney pressured him into signing the plea agreement, which contained an allegedly incorrect base offense level. Brooks, however, has not challenged as clearly erroneous the district court's findings that Brooks failed to make a credible claim that the base offense level was incorrect and that the Government's sentencing submission fully supported the offense level. *See United States v. Suter*, 755 F.2d 523, 525 (7th Cir. 1985) (reviewing factual findings in support of denial of motion to withdraw plea for clear error). Further, Brooks fails to specify how allegedly new information in the plea agreement prevented him from entering a knowing and voluntary guilty plea nearly a month later. In addition, at the Rule 11 hearing, Brooks confirmed under oath that he was not threatened or coerced into pleading guilty, that he understood and agreed with the plea agreement, and that he agreed with the factual basis for the plea. These statements by Brooks are presumed to be true. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Beck v. Angelone*, 261 F.3d 377, 395–96 (4th Cir. 2001) (absent "clear and convincing evidence to the contrary," defendant is bound by statements made under oath at Rule 11 hearing). We therefore agree with the district court's conclusion that Brooks failed to make a credible showing that his guilty plea was not knowingly or voluntarily made.

The district court also determined that Brooks had failed to make a credible claim of actual innocence, and Brooks concedes on appeal that he has not asserted his legal innocence. With regard to the other *Moore* factors, Brooks makes only summary assertions that the district court improperly assessed the issues. We find that Brooks'

3

arguments on appeal do not establish any error in the district court's weighing of the *Moore* factors or an abuse of discretion in its denial of his motion to withdraw the guilty plea.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*