**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4292

CHARLES DOGAN, JR., a/k/a Chuckie
Dogan,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4293

CHARLES DOGAN, JR., a/k/a Chuckie
Dogan,
Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-96-66, CR-91-55)

Submitted: June 23, 1998

Decided: July 15, 1998

Before NIEMEYER and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael R. Cline, MICHAEL R. CLINE LAW OFFICES, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Charles Dogan, Jr., appeals his conviction after pleading guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994), and the revocation of his supervised release. Dogan attempted to withdraw his guilty plea to the possession with intent to distribute charge and the district court denied the motion. On appeal, Dogan specifically addresses only the district court's denial of his motion to withdraw. Finding no error, we affirm.

An indictment charged Dogan with seven counts of possession with intent to distribute cocaine base. Members of a Charleston, West Virginia, police drug task force investigated Dogan and used two confidential informants (CI) to make five controlled buys of cocaine base from Dogan. After the last controlled buy, police approached the vehicle in which Dogan rode to arrest him for violation of supervised release. As the traffic stop occurred, Dogan threw a film canister containing 5.69 grams of cocaine base from the vehicle. A search of Dogan revealed $45.00 of the pre-recorded currency used earlier that day in the controlled buy.

Dogan pled guilty to one count of the indictment on August 21, 1997, the day trial was to begin. Approximately one day earlier, Dogan's mother received a grand jury target letter regarding threats

2

made against the two CI's who would be witnesses in Dogan's case. Dogan's mother was the subject of an investigation because one of the CI's in the case received a suspicious visit from Dogan's mother and the same CI received written notes threatening her and directing her not to testify. A vehicle driven by Dogan's mother approached the other CI, and a passenger from Dogan's mother's vehicle assaulted the CI and ripped the back pocket from his pants. The fingerprint and handwriting evidence proved to be inconclusive and therefore Dogan's mother was not charged.

The district court conducted a thorough Rule 11 colloquy when taking the plea. On November 21, 1996, the day of Dogan's sentencing and approximately ninety days after he entered his plea, Dogan filed a pro se complaint alleging that there were problems with his lawyer and that threats against his mother induced his plea. Dogan's appointed counsel, an assistant federal public offender, moved to withdraw. Her motion was granted and the district court appointed new counsel. On January 2, 1997, Dogan filed a formal motion to withdraw his plea. The district court held an evidentiary hearing on the motion on January 2 and 3, 1997. The district court denied the motion on March 31, 1997.

Rule 32(d) of the Federal Rules of Criminal Procedure governs a motion to withdraw a guilty plea. Dogan bears the burden to show a fair and just reason for the withdrawal. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Factors relevant to establishing a fair and just reason include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id. This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. See United States v. Lambert, 994 F.2d 1088,

3

1093 (4th Cir. 1993). The district court's factual findings in support of its decision to deny the motion will be overturned only if they are clearly erroneous. See United States v. Suter , 755 F.2d 523, 525 (7th Cir. 1985).

Dogan based his motion upon two claims: that the only reason he pled guilty was to spare his mother from a charge of threatening a witness, and that he was innocent of the charge to which he pled guilty. Dogan did not offer any evidence of threats, fear, coercion, his counsel's errors, or his innocence. Further, Dogan knew about these issues at the time of the Rule 11 colloquy. He did not assert any of these claims during the hearing and acknowledged that he was entering into the agreement knowingly and voluntarily. To the extent that Dogan's plea was premised in part on his wish to protect his mother, such a decision does not undermine the validity of his plea. See, e.g., United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991). As to Dogan's claim of innocence, he admitted to his distribution activity at the Rule 11 colloquy, and his claim of innocence is contradicted by the testimony of three detectives and two CI's. These facts do not favor a finding of legal innocence. See United States v. Sparks, 67 F.3d 1145, 1151-53 (4th Cir. 1995); DeFusco, 949 F.2d at 120.

In addition, the other Moore factors do not weigh in Dogan's favor. He waited three months to withdraw his plea. The district court found that Dogan's first counsel, Assistant Public Defender Newberger, was competent, and Dogan agreed that she spent a considerable amount of time preparing his case. The Government asserted that its case would be prejudiced by the withdrawal because the evidence in the case would be stale and the two CI's who were to serve as witnesses received threats. Finally, judicial resources would be wasted by going through a trial considering Dogan's admitted distribution activities. The court already conducted two days of evidentiary hearings, including taking evidence on Dogan's innocence, and a full trial would be duplicitous. We therefore find that Dogan did not meet his burden of demonstrating a fair and just reason for the withdrawal. See Moore, 931 F.2d at 248.

Dogan also appeals the district court order revoking his three-year term of supervised release. The Government filed a petition to revoke Dogan's supervised release based upon the conviction for possession

4

with intent to distribute cocaine base. The conviction resulted in a violation of two terms of supervised release: not to commit another crime, and not to possess, use, or distribute any controlled substance without a physician's authorization. The district court held a hearing on the petition on the same day as sentencing for the possession with intent to distribute charge. Both parties chose to rely upon the evidence adduced at the hearing on the guilty plea and made no further arguments. Similarly, neither party makes any further argument on the matter on appeal. Because we find that Dogan does not dispute the facts adduced at the hearing, and only appeals the legal question of whether the court erred in refusing to allow Dogan to withdraw his plea, we affirm the order revoking Dogan's supervised release. <u>See</u> 18 U.S.C. § 3583(g) (mandating revocation of supervised release for a defendant who possesses a controlled substance in violation of the conditions of supervised release).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5